UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 3 0 2009

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Pamela Diane Goins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **09 2037** |
| | ) | |
| Shyan Das *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Capitol Heights, Maryland, suing four defendants, one of whom resides in Bowie, Maryland. Plaintiff alleges that she "was wrongfully accused of criminal misconduct on the job that was completely inaccurate," which served as "grounds for [her] termination." Compl. at 1. The complaint, presumably for wrongful discharge, neither presents a federal question nor provides a basis for diversity jurisdiction because plaintiff and at least one

defendant reside in the same state and no amount in controversy is pleaded. Accordingly, the complaint will be dismissed.[1] A separate Order accompanies this Memorandum Opinion.

Date: October 16, 2009

United States District Judge

---

[1] Presumably plaintiff may seek redress in the appropriate state or local court.